UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                          Case No. 07-13423-BKC-JKO

JULIE ANNE CARLSON,                             Chapter 7

     Debtor.
_____/
WASHINGTON MUTUAL BANK,                         Adversary Proc. No. 07-01597-BKC-JKO

     Plaintiff,

v.

JULIE ANNE CARLSON and
GARY ANDREW CARLSON,

     Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

JULIE ANNE CARLSON and GARY ANDREW CARLSON (hereinafter sometimes individually referred to as the "Debtor" and the "Non-Debtor Spouse," respectively, or collectively as the "Defendants"), by and through their undersigned counsel, hereby file their Answer And Affirmative Defenses to the Complaint of Washington Mutual Bank (hereinafter referred to as the "Plaintiff"), as follows:

1.     DENY KNOWLEDGE or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 1 of Plaintiff's Complaint and DEMAND strict proof thereof.

2.     ADMIT so much of paragraph 2 of Plaintiff's Complaint as alleges that the Debtor is an individual, however, DENY the balance of the allegations set forth at said paragraph and DEMAND strict proof thereof.

3.      ADMIT the allegations set forth at paragraph 3 of Plaintiff's Complaint.

4.      ADMIT the allegations set forth at paragraph 4 of Plaintiff's Complaint.

5.      DENY the allegations set forth at paragraph 5 of Plaintiff's Complaint and DEMAND strict proof thereof.

6.      DENY KNOWLEDGE or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 6 of Plaintiff's Complaint and DEMAND strict proof thereof.

7.      ADMIT the allegations set forth at paragraph 7 of Plaintiff's Complaint.

8.      DENY KNOWLEDGE or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 8 of Plaintiff's Complaint and DEMAND strict proof thereof.

9.      DENY KNOWLEDGE or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 9 of Plaintiff's Complaint and DEMAND strict proof thereof.

**GENERAL ALLEGATIONS**

10.      DENY the allegations set forth at paragraph 10 of Plaintiff's Complaint and DEMAND strict proof thereof.

11.      ADMIT the allegations set forth at paragraph 11 of Plaintiff's Complaint and REFER the Court to the document appended thereto as an exhibit for its complete text and legal import.

12.      ADMIT so much of paragraph 12 of Plaintiff's Complaint as alleges that the Defendant's executed a mortgage in Plaintiff's favor as security for the adjustable rate note referenced at paragraph 11 of Plaintiff's Complaint, REFER the Court to the document appended

thereto as an exhibit for its complete text and legal import, DENY KNOWLEDGE or information sufficient to form a belief as to the truth or falsity of the balance of the allegations set forth at said paragraph and DEMAND strict proof thereof.

13.      REFER the Court to the document appended to Plaintiff's Complaint as Exhibit B for its complete text and legal import.

14.      DENY the allegations set forth at paragraph 14 of Plaintiff's Complaint and DEMAND strict proof thereof.

15.      DENY the allegations set forth at paragraph 15 of Plaintiff's Complaint and DEMAND strict proof thereof.

16.      DENY the allegations set forth at paragraph 16 of Plaintiff's Complaint and DEMAND strict proof thereof.

17.      DENY the allegations set forth at paragraph 17 of Plaintiff's Complaint and DEMAND strict proof thereof.

18.      ADMIT the allegations set forth at paragraph 18 of Plaintiff's Complaint upon their best information and belief.

19.      DENY the allegations set forth at paragraph 19 of Plaintiff's Complaint and DEMAND strict proof thereof.

20.      DENY the allegations set forth at paragraph 20 of Plaintiff's Complaint and DEMAND strict proof thereof.

21.      DENY the allegations set forth at paragraph 21 of Plaintiff's Complaint, DEMAND strict proof thereof, and REFER the Court to the document appended thereto as an exhibit for its complete text and legal import.

22.     DENY the allegations set forth at paragraph 22 of Plaintiff's Complaint and DEMAND strict proof thereof.

23.     DENY the allegations set forth at paragraph 23 of Plaintiff's Complaint and DEMAND strict proof thereof.

24.     DENY the allegations set forth at paragraph 24 of Plaintiff's Complaint and DEMAND strict proof thereof.

25.     DENY the allegations set forth at paragraph 25 of Plaintiff's Complaint and DEMAND strict proof thereof.

26.     DENY the allegations set forth at paragraph 26 of Plaintiff's Complaint and DEMAND strict proof thereof.

27.     DENY KNOWLEDGE or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 27 of Plaintiff's Complaint and DEMAND strict proof thereof.

28.     DENY KNOWLEDGE or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 28 of Plaintiff's Complaint and DEMAND strict proof thereof.

29.     ADMIT so much of paragraph 29 of Plaintiff's Complaint as alleges that the Defendants knew that the Second Associated Mortgage and the Washington County Mortgage had not been satisfied at the time of closing on the Washington Mutual Loan, however, DENY KNOWLEDGE or information sufficient to form a belief as to the truth or falsity of the balance of the allegations set forth at said paragraph, and DEMAND strict proof thereof.

30.     DENY KNOWLEDGE or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 30 of Plaintiff's Complaint and DEMAND strict proof thereof.

31.     DENY KNOWLEDGE or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 31 of Plaintiff's Complaint, DEMAND strict proof thereof, and REFER the Court to the document appended thereto as an exhibit for its complete text and legal import.

32.     DENY KNOWLEDGE or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 32 of Plaintiff's Complaint and DEMAND strict proof thereof.

33.     ADMIT the allegations set forth at paragraph 33 of Plaintiff's Complaint and REFER the Court to the pleading appended thereto as an exhibit for its complete text and legal import.

34.     DENY KNOWLEDGE or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 34 of Plaintiff's Complaint, DEMAND strict proof thereof, and REFER the Court to the document appended thereto as an exhibit for its complete text and legal import.

35.     DENY KNOWLEDGE or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 35 of Plaintiff's Complaint, DEMAND strict proof thereof, and REFER the Court to the document appended thereto as an exhibit for its complete text and legal import.

36.     ADMIT the allegations set forth at paragraph 36 of Plaintiff's Complaint.

37.    ADMIT the allegations set forth at paragraph 37 of Plaintiff's Complaint and REFER the Court to the pleading appended thereto as an exhibit for its complete text and legal import.

38.    DENY the allegations set forth at paragraph 38 of Plaintiff's Complaint and DEMAND strict proof thereof.

39.    ADMIT the allegations set forth at paragraph 39 of Plaintiff's Complaint.

## CLAIM I – DISCHARGEABILITY
### (11 U.S.C. § 523(a)(2)(A))

40.    Defendants repeat, reallege and reaffirm their answers to paragraphs 1 through 39 of Plaintiff's Complaints as if set forth at length herein.

41.    DENY the allegations set forth at paragraph 41 of Plaintiff's Complaint and DEMAND strict proof thereof.

42.    DENY the allegations set forth at paragraph 42 of Plaintiff's Complaint and DEMAND strict proof thereof.

43.    DENY the allegations set forth at paragraph 43 of Plaintiff's Complaint and DEMAND strict proof thereof.

44.    DENY the allegations set forth at paragraph 44 of Plaintiff's Complaint and DEMAND strict proof thereof.

45.    DENY the allegations set forth at paragraph 45 of Plaintiff's Complaint and DEMAND strict proof thereof.

## CLAIM II – DISCHARGEABILITY
### (11 U.S.C. § 523(a)(2)(B))

46.    Defendants repeat, reallege and reaffirm their answers to paragraphs 1 through 45 of Plaintiff's Complaints as if set forth at length herein.

47.    DENY the allegations set forth at paragraph 47 of Plaintiff's Complaint and DEMAND strict proof thereof.

48.    DENY the allegations set forth at paragraph 48 of Plaintiff's Complaint and DEMAND strict proof thereof.

49.    DENY the allegations set forth at paragraph 49 of Plaintiff's Complaint and DEMAND strict proof thereof.

50.    DENY the allegations set forth at paragraph 50 of Plaintiff's Complaint and DEMAND strict proof thereof.

51.    DENY the allegations set forth at paragraph 51 of Plaintiff's Complaint and DEMAND strict proof thereof.

52.    DENY the allegations set forth at paragraph 52 of Plaintiff's Complaint and DEMAND strict proof thereof.

**CLAIM III – DISCHARGEABILITY**
**(11 U.S.C. § 523(a)(6))**

53.    Defendants repeat, reallege and reaffirm their answers to paragraphs 1 through 52 of Plaintiff's Complaints as if set forth at length herein.

54.    DENY the allegations set forth at paragraph 54 of Plaintiff's Complaint and DEMAND strict proof thereof.

55.    DENY the allegations set forth at paragraph 55 of Plaintiff's Complaint and DEMAND strict proof thereof.

56.    DENY the allegations set forth at paragraph 56 of Plaintiff's Complaint and DEMAND strict proof thereof.

**CLAIM IV – FRAUD AND MISREPRESENTATION**
**(MINNESOTA COMMON LAW)**

57.    Defendants repeat, reallege and reaffirm their answers to paragraphs 1 through 56 of Plaintiff's Complaints as if set forth at length herein.

58.    DENY the allegations set forth at paragraph 58 of Plaintiff's Complaint and DEMAND strict proof thereof.

59.    DENY the allegations set forth at paragraph 59 of Plaintiff's Complaint and DEMAND strict proof thereof.

60.    DENY the allegations set forth at paragraph 60 of Plaintiff's Complaint and DEMAND strict proof thereof.

61.    DENY the allegations set forth at paragraph 61 of Plaintiff's Complaint and DEMAND strict proof thereof.

62.    DENY the allegations set forth at paragraph 62 of Plaintiff's Complaint and DEMAND strict proof thereof.

## CLAIM V – NEGLIGENT MISREPRESENTATION
### (MINNESOTA COMMON LAW)

63.    Defendants repeat, reallege and reaffirm their answers to paragraphs 1 through 62 of Plaintiff's Complaints as if set forth at length herein.

64.    DENY KNOWLEDGE or information sufficient to form a belief as to the truth or falsity of the legal conclusion set forth at paragraph 64 of Plaintiff's Complaint and DEMAND strict proof thereof.

65.    DENY so much of paragraph 65 of Plaintiff's Complaint as alleges that the Defendants provided untruthful information to the Plaintiff, DENY KNOWLEDGE or information sufficient to form a belief as to the truth or falsity of the balance of the allegations set forth at said paragraph, and DEMAND strict proof thereof.

66.    DENY the allegations set forth at paragraph 66 of Plaintiff's Complaint and DEMAND strict proof thereof.

67.    DENY the allegations set forth at paragraph 67 of Plaintiff's Complaint and DEMAND strict proof thereof.

68.    DENY the allegations set forth at paragraph 68 of Plaintiff's Complaint and DEMAND strict proof thereof.

69.    DENY the allegations set forth at paragraph 69 of Plaintiff's Complaint and DEMAND strict proof thereof.

70.    DENY the allegations set forth at paragraph 70 of Plaintiff's Complaint and DEMAND strict proof thereof.

**CLAIM VI – BREACH OF CONTRACT**
**(MINNESOTA COMMON LAW)**

71.    Defendants repeat, reallege and reaffirm their answers to paragraphs 1 through 70 of Plaintiff's Complaints as if set forth at length herein.

72.    ADMIT the allegations set forth at paragraph 72 of Plaintiff's Complaint and REFER the Court to the documents referenced for their complete text and legal import.

73.    ADMIT the allegations set forth at paragraph 73 of Plaintiff's Complaint and REFER the Court to the documents referenced for their complete text and legal import.

74.    ADMIT so much of paragraph 74 of Plaintiff's Complaint as alleges that the Defendants failed to make payments of principal and interest under the Note, however, DENY the balance of the allegations set forth at said paragraph and DEMAND strict proof thereof.

75.    DENY the allegations set forth at paragraph 75 of Plaintiff's Complaint and DEMAND strict proof thereof.

## CLAIM VII – ATTORNEYS' FEES

76.     Defendants repeat, reallege and reaffirm their answers to paragraphs 1 through 75 of Plaintiff's Complaints as if set forth at length herein.

77.     ADMIT the allegations set forth at paragraph 77 of Plaintiff's Complaint and REFER the Court to the documents referenced for their complete text and legal import.

78.     ADMIT the allegations set forth at paragraph 78 of Plaintiff's Complaint.

79.     REFER the Court to the subject Mortgage for its complete text and legal import.

80.     DENY KNOWLEDGE or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 80 of Plaintiff's Complaint and DEMAND strict proof thereof.

81.     DENY the allegations set forth at paragraph 81 of Plaintiff's Complaint and DEMAND strict proof thereof.

82.     DENY each and every other allegation contained in Plaintiff's Complaint that was not hereinbefore admitted, denied or otherwise controverted and DEMAND strict proof thereof.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

83.     The signatures of the Defendants on Exhibits C, D, E, and G of Plaintiff's Complaint are forgeries, the information at issue in said exhibits was not provided by the Defendants, and the Defendants did not authorize the submission of forged instruments or the provision of false information to the Plaintiff or any other individual or entity.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

84.     The Defendants did not make the representations and certifications at issue and did not authorize any individual or entity to make those representations and certifications to the Plaintiff or to any other individual or entity.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

85.     Plaintiff was on constructive notice of the existing liens and the priority of said liens on the subject property at all relevant times by virtue of the public records of Hennepin County, Minnesota and title searches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

86.     Plaintiff's damages, if any, resulted from the actions and/or omissions of Plaintiff and/or individuals and/or entities other than the Defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

87.     Plaintiff did not justifiably rely on the representations and certifications at issue inasmuch as it was on constructive notice of the existing liens and the priority of said liens on the subject property.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

88.     Plaintiff failed to take the commercial, prudent, and/or necessary actions to verify all representations and/or certifications allegedly made by the Defendants and to protect the existence and priority of its security interest by, among other ways, reviewing the public records of Hennepin County, Minnesota, performing a title search, and/or obtaining an assignment of the First Associated Mortgage.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

89.     Plaintiff failed to join all necessary and/or indispensable parties to this action including, but not limited to, Worldwide Mortgage & Investment, Eric Krahnke, and/or Hometown Title.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

90.     Defendants are entitled to setoff any damages awardable to the Plaintiff, if any, by the fair market value of the subject property on the date it was redeemed by the Plaintiff.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

91.     Defendants are entitled to contribution and/or indemnification from the responsible individuals and/or entities for the allegedly false representations and/or certifications made to the Plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

92.     Plaintiff failed to state one or more claims upon which relief may be granted as a matter of law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

93.     Defendants move to withdraw the reference of this adversary proceeding and demand a jury trial before the United States District Court for the Southern District of Florida.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

94.     Plaintiff has unclean hands.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

95.     Plaintiff failed to mitigate its damages, if any, in a prompt, prudent, and/or reasonably commercial manner.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

96.     Plaintiff's claims and/or the underlying bases therefore are barred by the doctrines of waiver and/or estoppel.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues in this action so triable.

**WHEREFORE,** the Defendants demand judgment dismissing the Plaintiff's Complaint with prejudice, an award of the Defendants' reasonable attorneys' fees and costs, and such other and further relief as the Court may deem just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the U.S. District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Respectfully submitted,

GENOVESE JOBLOVE & BATTISTA, P.A.
Attorneys for the Defendants
200 East Broward Boulevard, Suite 1110
Fort Lauderdale, Florida  33301
Telephone: (954) 453-8022
Telecopier: (954) 453-8010

By:/s/ Robert F. Elgidely
   Robert F. Elgidely, Esq.
   Florida Bar No. 111856

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Answer And Affirmative Defenses has been furnished by the Court's CM/ECF System to RAYMOND V. MILLER, ESQ., Gunster, Yoakley, & Stewart, P.A., 2 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 and JAMES M. LOCKHART, ESQ., Lindquist & Vennum, PLLP, 4200 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402, on the 19th day of November, 2007.

By: /s/ Robert F. Elgidely
   Robert F. Elgidely, Esq.